**Nancy B. BIDDLE and George L. Biddle, Her Husband,**

v.

**Robert Wade GRIFFIN.**

Superior Court of Delaware,
New Castle.

Nov. 4, 1970.

Robert G. Carey, of Prickett, Ward, Burt & Sanders, Wilmington, for plaintiffs.

F. Alton Tybout, Wilmington, for defendant.

OPINION

CHRISTIE, Judge.

This case was tried before me without a jury on October 26, 1970. Liability arising out of a rear end collision was admitted. The only issue for decision is the amount of damages to be awarded to Nancy B. Biddle, the injured plaintiff, and the amount of damages to be awarded to George L. Biddle, the husband of the injured plaintiff.

The evidence indicates that Mrs. Biddle suffered a fracture of the right femur and minor abrasions. In order to set the broken knee it was necessary to drill a hole through another bone and to place a pin therein. She spent forty-four days in traction in the hospital. Thereafter, she was placed in a body cast weighing approximately twenty-five pounds. She spent forty-one days in the body cast. After the body cast was re-

moved she was on crutches for six or seven weeks. All told she was disabled to some degree for approximately five months. The period of traction was spent in the hospital. The period she was in a body cast was spent at the home of her husband's parents. The convalescent period after removal of the body cast, most of which was spent with the use of crutches, was in the couple's own home, a trailer.

Mrs. Biddle has a permanent loss of flexion in her right knee amounting to twenty to twenty-five degrees. Her treating physician was of the opinion that she is likely to be troubled with degenerative arthritis in her right knee at an earlier age than would otherwise be the case on account of the injury this limb received in the accident. A doctor examining Mrs. Biddle for the defendant did not think that arthritis would be a problem. I find the testimony of the treating physician to be persuasive.

Mrs. Biddle's loss of wages during the five month period was $1,948.38.

■ I award the sum of $7,000 as a general verdict to Mrs. Biddle, said award to include all elements of her compensible damages including her pain and suffering, her disability and her lost earnings.

■ Mr. Biddle is entitled to reimbursement of medical expenses in the amount of $2,780.65.

On account of Mrs. Biddle's need for help during her convalescence Mr. Biddle got an early discharge from the Navy and delayed resuming civilian employment for six weeks.

■ The general rule in Delaware is that a plaintiff may recover for services rendered to him only to the extent that such services were rendered for compensation. A loved one rendering free unskilled nursing services to a family member does not do so for compensation. Under usual circumstances the value of such services may not be recovered by the injured party in a tort action. See Evans v. Pennsylvania Railroad Co., 255 F.2d 205 (3rd Circuit, 1958) where the opinion was written by Judge Caleb Layton who was formerly a Judge of the Delaware Superior Court.

■ There appears to be a growing tendency in various jurisdictions, when special circumstances dictate, to make exceptions to the rule that free services by a family member are not a compensible item. See the cases collected in 90 A.L.R.2d 1323. Many Courts have permitted a husband, particularly a husband who has lost earnings by taking time off from gainful employment, to recover the reasonable value of the nursing care he has rendered his wife. 90 A.L.R.2d 1333. The special circumstances of this case indicate that the husband gave up gainful employment as a civilian in order to render full time assistance to his wife for a six week period. Under these special circumstances the application of the usual rule would be inequitable. The circumstances dictate an exception to the rule. I hold that the husband is here entitled to the reasonable value of his services not to exceed the financial loss which he suffered by reason of his temporary unemployment.

The record does not contain full data as to the value of nursing services or the extent of the earning loss which the husband sustained by reason of his temporary unemployment. The Court will, however, take judicial notice of the fact that untrained around-the-clock nursing care for a person in a body cast has some economic value. I will include in the general verdict for Mr. Biddle an amount of $420.00 for that part of his nursing services which he rendered during what would have been his usual hours of employment.

■ There was testimony that the plaintiffs paid Mr. Biddle's parents twenty dollars a week for room and board during the weeks they were lodged at that residence. It is apparent that this sum included some

compensation for food consumed by Mr. Biddle. However, the bulk of these payments are included in the award of damages for Mr. Biddle.

I award the sum of $4,000 as a general verdict to Mr. Biddle. This award includes medical expenses, incidental compensible items and loss of consortium.